UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **PREFERRED CARE, INC., et al.** | **CIVIL ACTION NO. 5:16-203-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **JESSE ROBERTS, as administrator of Kenneth Roberts' estate,** | |
| Defendant. | |

  This matter is before the Court on the plaintiffs' motion to compel arbitration (DE 2) and the defendant's motion to dismiss (DE 8). For the following reasons, both motions will be granted in part and denied in part.

**I. Background**

  Kenneth Roberts died while a resident of the Stanton Nursing and Rehabilitation Center located in Stanton, Kentucky. The administrator of his estate, Jesse Roberts (the "Estate"), filed suit in Powell Circuit Court against the nursing center and several other companies that the Estate alleged owned or operated the center. The Estate also named the center administrator and two nurses and a doctor employed there. (DE 1-2, State Court Action.)

  The center and three of the companies named as defendants in the state-court action (collectively, the "Center") then filed a claim in this Court asking for an order compelling the Estate to arbitrate the claims filed in the state court action and also for an order enjoining the Estate from pursing the state-court action. The Estate moves to dismiss this action.

**II. Analysis**

  **A. Jurisdictional issues**

  The Court must, of course, first address any challenges to its jurisdiction. The Estate concedes that this Court has diversity jurisdiction over this action but argues that the Court

should abstain from exercising it under the *Colorado River* doctrine. Under that docrtine, "[i]n certain 'exceptional' circumstances, [ ] a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Paine Webber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir.2001) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)). But "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," and this "extraordinary and narrow exception" is only justified when it "would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813.

Neither party addresses it but the first issue on the abstention analysis is whether there is, in fact, a parallel state court proceeding. While for purposes of *Colorado River* abstention, the state and federal proceedings need only be "substantially similar," *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998), the two actions cannot be said to be parallel if the claims presented in this Court are not presented in the state court action at all. There is no evidence in the record before this Court that either party has moved to compel arbitration in the state-court action. Nor is there any evidence indicating that either party has actually asked the state court to determine whether the arbitration agreement is valid and, if so, whether the agreement requires that the Estate's state-court claims be arbitrated. Nothing in the record before this Court indicates that any of the parties to this action have requested the state court to make any determinations regarding the arbitration agreement or the arbitrability of the Estate's state-law claims. Accordingly, the Court cannot find that this action and the state-court action are parallel.

Furthermore, even if a party had moved the state court to compel arbitration, the Court could not find abstention warranted. "[T]he decision to dismiss a federal action because of a parallel state-court action rests 'on a careful balancing of the important factors as they apply in

2

a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir.2002) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)).

Courts consider roughly eight factors when determining whether abstention under Colorado River is necessary. *PaineWebber*, 276 F.3d at 206 (citing *Romine*, 160 F.3d at 340–41. These factors are:

> (1) whether the state court has assumed jurisdiction over any res or property;
> (2) whether the federal forum is less convenient to the parties;
> (3) avoidance of piecemeal litigation; . . .
> (4) the order in which jurisdiction was obtained[;] . . .
> (5) whether the source of governing law is state or federal;
> (6) the adequacy of the state court action to protect the federal plaintiff's rights;
> (7) the relative progress of the state and federal proceedings; and
> (8) the presence or absence of concurrent jurisdiction.

*Id.* (citing *Romine*, 160 F.3d at 340–41).

The first and second factors favor this Court exercising jurisdiction in this action. There is no res. And, given the proximity of the two courts, this federal forum is just as convenient to the parties as the Powell Circuit Court.

The Estate makes only one argument with regard to convenience. It argues that the arbitration agreement mandates that any action to compel arbitration be filed in the Kentucky state court. This argument goes to whether this action should be dismissed because this forum is not a "convenient" one under the doctrine of *forum non conveniens*. The Court will address this question after deciding whether to exercise jurisdiction in this action. For purposes of determining whether to abstain from exercising its jurisdiction under *Colorado River*, however, any forum-selection clause in the agreement does not render this forum so inconvenient that the Court should find that an exception exists to its obligation to exercise jurisdiction where it exists.

As to the fourth and seventh factors, they again favor the exercise of federal jurisdiction. The state court action was filed before this but there is no evidence in this record that the state court has been asked to address the arbitration issue at all.

The "most important" factor is the third factor, which asks "whether there is a 'clear federal policy evinc[ing]. . . the avoidance of piecemeal adjudication' found within the statutory scheme at issue." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 467 (6th Cir.2009) (quoting *Colorado River*, 424 U.S. at 819). The Sixth Circuit has held that "[i]n the case of the Federal Arbitration Act, there most clearly is not such a policy." *Id*. at 467. This is because the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA") "requires district courts to compel arbitration . . . when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Id*. at 467–68. Thus, the most important factor when determining whether to exercise this Court's jurisdiction weighs in favor of doing so.

The fifth and eighth factors also weigh in favor of exercising jurisdiction. This Court has jurisdiction over the issue presented in the complaint. The Estate disputes whether the FAA or the Kentucky Arbitration Act governs this dispute. Regardless, this Court is capable of applying either law. The sixth factor weighs in favor of abstention because the state court has not been asked to protect the Center's arbitration rights. Further, the state court would not likely protect those rights because, as will be discussed, the arbitration agreement is not enforceable under current Kentucky law. Considering all of these factors, the Court will not abstain from exercising its jurisdiction over this action.

**B.     Venue**

As discussed, the Estate argues that the arbitration agreement at issue contains a provision that requires that this action be filed in the Powell Circuit Court. Relying solely on that provision, it argues that this action must be dismissed under the *forum non conveniens*

doctrine. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) (stating that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.") At the same time, however, the Estate argues that this action must be dismissed because the arbitration agreement is not enforceable. Before addressing whether the action should be dismissed solely because the arbitration agreement requires that it be filed in Powell Circuit Court, the Court must first address the Estate's alternative argument that the arbitration agreement is not even enforceable.

The Estate argues that the agreement is not enforceable because it was signed, not by the nursing home resident himself – the deceased Kenneth Roberts – but by a court-appointed guardian, Marcie Lainhart, who is employed by the Kentucky Cabinet for Health and Family Services. The Estate argues that Lainhart did not have authority under Kentucky law to waive Kenneth Roberts' rights to a jury trial. For this argument, the Estate relies on *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015), as corrected (Oct. 9, 2015), *reh'g denied* (Feb. 18, 2016), c*ert. granted sub nom. Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 368 (2016). In *Whisman*, the Kentucky Supreme Court held, "an agent's authority to waive his principal's constitutional right to access the courts and to trial by jury must be clearly expressed by the principal." *Id.* at 331.

The order appointing Lainhart emergency guardian grants her the power to enter into contractual relationships on Roberts' behalf. But it does not expressly grant her the power to waive Roberts' right to a jury trial or to enter into arbitration agreements. Accordingly, under Kentucky law as it now stands, Lainhart did not have the authority to enter into the arbitration agreement on Roberts' behalf and the arbitration agreement is not enforceable.

The problem, however, is that multiple federal court decisions in this district hold that *Whisman* is preempted by the FAA. *See e.g., Preferred Care of Delaware, Inc. v. Crocker*, 173 F.

Supp.3d 505, 519 (W.D. Ky. 2016); *Riney v. GGNSC Louisville St. Matthews, LLC*, No. 3:16CV-00122-JHM, 2016 WL 2853568, at *3 (W.D. Ky. May 13, 2016); *Brandenburg Health Facilities, LP v. Mattingly*, No. 3:15-cv-833, 2016 WL 3448733, at *4 (W.D. Ky. June 20, 2016); *Diversicare Highlands, LLC v. Lee*, No. 3:15-cv-836, 2016 WL 3512256, at *4 (W.D. Ky. June 21, 2016); *Preferred Care of Del., Inc. v. Hopkins*, No. 5:15-cv-00191, 2016 WL 3546407, at *4 (W.D. Ky. June 22, 2016);; and *GGNSC Stanford, LLC v. Gilliam*, No. CV 5:16-004, 2016 WL 4700135, at *6 (E.D. Ky. Sept. 7, 2016).

This is because, under the FAA, when contracts contain arbitration clauses, federal courts "are to examine the language of the contract in light of the strong federal policy in favor of arbitration," and are required to resolve any ambiguities in the agreement or doubts as to the parties' intentions in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). *See also AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (explaining that when a "contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be in favor of coverage.") (internal citations and quotation marks omitted).

The United States Supreme Court has described two specific situations where the FAA preempts a state law or rule: (1) "when a state law prohibits outright the arbitration of a particular type of claim." and (2) "when a doctrine normally thought to be generally applicable, such as duress or . . . unconscionability, is alleged to have been applied in a fashion that disfavors arbitration." *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). This second situation is the only one applicable here. It requires the Court to determine whether the state law rule would have a "disproportionate impact" on arbitration agreements." *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 197 (6th Cir. 2016)).

In *Preferred Care of Delaware, Inc. v. Crocker*, 173 F. Supp. 3d 505 (W.D. Ky. 2016), the court found that *Whisman* fails the second inquiry under *Concepcion.* "The Kentucky Supreme Court's requirement that a principal in his power of attorney explicitly convey to an attorney-in-fact the right to enter into a pre-dispute arbitration agreement places arbitration agreements in a class apart from 'any contract,' and singularly limits their validity." *Id*. at 521 (internal quotations and citation omitted). The Court agrees with that analysis and finds that *Whisman* is preempted by federal law.

The Estate's argument that the agreement is not enforceable relies solely on the argument that Lainhart did not have authority to sign the agreement on Kenneth Roberts' behalf. Again, the state court order appointing Lainhart as limited guardian grants her the power to enter into contractual relationships on Roberts' behalf. The arbitration agreement is a contract. Accordingly, while the arbitration agreement would be unenforceable under Kentucky law, it is enforceable under the FAA. To the extent that there is any ambiguity as to whether to power to enter into contracts includes arbitration contracts, any doubts must be resolved in favor of arbitration.

As to the venue issue, the Estate argues that this matter should be transferred to the Powell Circuit Court under the doctrine of *forum non conveniens*. It argues that the arbitration agreement requires that any action to compel arbitration be filed in the court where the underlying tort action is proceeding. For this argument, the Estate points to a provision of the agreement stating that, "this Agreement shall be governed by the terms of the Kentucky Uniform Arbitration Act, which is set forth at KRS § 417.045, et seq." (DE 2-2, Agreement § 5.) The Kentucky Uniform Arbitration Act ("KUAA"), in turn, requires that, "[i]f an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications [to compel arbitration], *the application shall be made therein.*" KRS § 417.060(3) (emphasis added).

The agreement also provides, however, that "[i]f for any reason there is a finding that Kentucky law cannot support the enforcement of this Agreement, then the Parties agree to resolve their disputes by arbitration . . . pursuant to the Federal Arbitration Act. . . and the Federal Arbitration Act shall apply to this Agreement and arbitration proceedings arising out of this Agreement, including any action to compel. . . ." (DE 2-2, Agreement § 5.) This Court has found in this opinion that, under the current state of Kentucky law, the arbitration agreement would not be enforceable under *Whisman*. Because Kentucky law does not support the enforcement of the arbitration agreement, pursuant to the agreement's plain language, it is governed, not by the KUAA, but the FAA. Accordingly, the KUAA's venue provision is not governing.

The Estate's argument that this matter should be transferred to Powell Circuit Court under the doctrine of *forum non conveniens* relies solely on its argument that the agreement is governed by the KUAA, including its venue provision. By its plain language, the agreement is not governed by the KUAA. Accordingly, this matter will not be transferred to the Powell Circuit Court.

    **C.**    **Waiver**

The Estate next argues that the Center has waived its arbitration rights because it did not file this action until five months after the state-court action was filed. "The right of arbitration, provided by contract, can be waived by the parties." *Am. Locomotive Co. v. Chem. Research Corp.*, 171 F.2d 115, 121 (6th Cir. 1948). However, "[t]here is a strong presumption in favor of arbitration, and . . . waiver of the right to arbitration is not to be lightly inferred." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355–56 (6th Cir. 2003) (quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)).

A party may waive its arbitration rights by (1) taking actions completely inconsistent with any reliance on the arbitration agreement; and (2) delaying in asserting the right to

8

arbitrate "to such an extent that the opposing party incurs actual prejudice.'" *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010)). "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 719–20 (6th Cir.2012) (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2nd Cir.1991)).

Here, the Estate asserts that it filed the state-court complaint on January 19, 2016. The Center filed an answer on February 10, 2016, asserting as a defense that, "[s]ubject to what discovery may reveal, the claims in this lawsuit are subject to a binding Alternative Dispute Resolution Agreement ("ADR Agreement")." (DE 11-1, Answer, Second Defense.) The Center explains that it asserted the defense, "subject to what discovery may reveal," because, at that time, the copy of the arbitration agreement in Roberts' file was missing two pages including the signature page. On April 27, 2016, it filed a motion to stay the proceedings in state court and requested limited discovery to locate the remainder of the arbitration agreement. The Estate objected to that motion.

The Center asserts that it found the missing pages of the agreement while conducting further investigation to support its reply brief, including the signature page containing Lainhart's signature. The investigation, however, revealed another issue with regard to the enforceability of the agreement. Roberts' file contained a guardianship order issued by the Powell District Court appointing Lainhart as guardian dated November 22, 2013. This was *after* the date that she signed the arbitration agreement. Accordingly, the Center informed the Powell Circuit Court that it would need to file a motion in Powell District Court for permission to inspect the guardianship file to determine if Lainhart was a guardian at the time that she signed the arbitration agreement. The Estate objected to that motion.

The Powell Circuit Court entered an order permitting the parties to conduct limited discovery and move the Powell District Court for leave inspect the guardianship file. The parties then filed a joint motion in the district court to inspect the guardianship file. At a hearing in the state district court on May 10, 2016, the parties learned that Lainhart had been appointed emergency guardian on July 16, 2013 and had been granted the power to enter into contractual relationships on Roberts' behalf. The court informed the parties that they would have to request a copy of the guardianship file from the Powell County Clerk. On the day of the hearing, the Center sent a letter to the county clerk requesting a copy of the guardianship file. It received the file in late May. At that point, the Center had the complete arbitration agreement and the guardianship order appointing Lainhart as Roberts' limited guardian, which was entered before the arbitration agreement was signed. The Center filed this complaint on June 15, 2016.

Thus, approximately five months passed between the filing of the state court complaint and this federal action seeking to compel arbitration. In those five months, however, the Center took consistent and necessary action to ensure that the arbitration agreement was enforceable. Soon after receiving what it reasonably believed was the sufficient and necessary evidence that the state court action should be arbitrated, it moved for relief in this Court. The Court cannot find that any delay in filing this action was unwarranted or that the Estate suffered any unnecessary delay or expense. Accordingly, the Center has not waived its arbitration rights.

### D. Wrongful death claim

The Estate argues that, even if its state law claims must be arbitrated, the wrongful death claim asserted in the state-court action should not be. For this argument, it cites *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky.2012). In that case, the Kentucky Supreme Court held that "a decedent cannot bind his or her beneficiaries to arbitrate their wrongful death claim." *Id.* at 599. This is because, under Kentucky law, "the wrongful death claim is not

derived through or on behalf of the [nursing home resident] but accrues separately to the wrongful death beneficiaries and is meant to compensate them for their own pecuniary loss." *Id*. Pursuant to statute, the claim must be prosecuted by the personal representative of the deceased but is for the benefit of the "kindred of the deceased." KRS § 411.130(1),(2). Accordingly, any arbitration agreement signed by the deceased cannot be enforced against the wrongful-death beneficiaries. *See Richmond Health Facilities v. Nichols*, 811 F.3d 192, 197, 201 (6th Cir. 2016) (rejecting claims that *Ping's* ruling that the deceased cannot bind his beneficiaries to arbitrate wrongful death claims is preempted by the FAA).

The Center argues that the Court should nonetheless require that the wrongful death claim be arbitrated along with the Estate's other claims because, otherwise, all of the Estate's actions against it cannot be resolved in one forum. As the Supreme Court has recognized, however, "[t]he FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate and to place such agreements upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (quotations and citations omitted). "The possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 203 (6th Cir.2001). In fact, the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)). Further, it "requires district courts to compel arbitration . . .when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 467 (6th Cir.2009) (quotations omitted).

The Estate's wrongful death claim is not subject to the arbitration agreement.

E. **Claims against non-parties to Arbitration Agreement**

The Estate argues that its claims against any party other than Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center in the state court action are not subject to the arbitration agreement. This is because the only parties to the agreement are Stanton Health Facilities, L.P. d/b/a/ Stanton Nursing and Rehabilitation Center and Kenneth Roberts. (DE 2-2, Agreement, §1.) The three other plaintiffs in this action are not parties to the agreement. It is true that the agreement provides that it "shall inure to the benefit of, bind, and survive the Parties, their heirs, successors, and assigns. (DE 2-2, Agreement, § 1.) But none of the non-party plaintiffs in this action is an heir, successor or assign.

Nevertheless, "nonsignatories may be bound to an arbitration agreement under ordinary state law contract and agency principles." *Moran v. Svete*, 366 F. App'x 624, 627 n.4 (6th Cir. 2010) (citing *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir.2003)). A non-party to an arbitration agreement may enforce it through the "traditional principles" of state law that allow a contract to be enforced by nonparties including "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009).

The Center relies on two of those principles here: third-party beneficiary and judicial estoppel. A third-party beneficiary of an agreement may "in his own right and name enforce a promise made for his benefit." *Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575, 579 (Ky.2004). In order to enforce a contract as a third-party beneficiary, "it must be proven that the contract in question was made for the actual or direct benefit of the third party." *Kentucky Spirit Health Plan, Inc. v. PremierTox, Inc.*, No. 2012-CA-001457-MR, 2014 WL 272376, at *4 (Ky. Ct. App. Jan. 24, 2014) (quoting *Sexton v. Taylor County*, 692 S.W.2d 808, 810 (Ky.App.1985)). "Only a third-party who was intended by the parties to benefit

from the contract, namely, a donee or a creditor beneficiary, has standing to sue on a contract; an incidental beneficiary does not acquire such right." *Presnell*, 134 S.W.3d at 579.

The Center argues that the non-party plaintiffs are third-party beneficiaries of the agreement because, if they are able to enforce the agreement, they will receive the benefits of arbitration. (DE 11, Response at 39.) This is certainly true but the question is whether they should be able to enforce the arbitration agreement. In order for the Court to find that they should, they must produce evidence that the two parties to the agreement intended that the non-party plaintiffs benefit from the agreement. The Center has pointed to no provision in the agreement that indicates that the non-party plaintiffs were the intended beneficiaries of the agreement. Nor has it alleged that any other evidence supports its argument that the parties intended that the non-party plaintiffs benefit from the arbitration agreement. Accordingly, the Court cannot find that the non-party plaintiffs are third-party beneficiaries of the arbitration agreement.

As to estoppel, the Center argues that the Estate is judicially estopped from arguing that the non-party plaintiffs are not parties to the arbitration agreements. The doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 380 (6th Cir. 1998) (quoting *Teledyne Indus., Inc. v. Nat'l Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir.1990)). "Courts apply judicial estoppel in order to 'preserve[ ] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment.'" *Id.* (quoting *Teledyne*, 911 F.2d at 1218). "The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Id.*

13

The Center has not shown that the Estate has taken the position that the non-party plaintiffs are parties to the arbitration agreement. The Center points to the fact that the Estate asserts a breach of contract claim against the non-party plaintiffs in its First Amended Complaint in the state court action. (DE 11-3, First Amended Complaint, Count XVI.) For its breach of contract claim, however, the Estate does not specifically allege that Kenneth Roberts and the non-party plaintiffs entered into the arbitration agreement. It alleges that Kenneth Roberts and the non-party plaintiffs "entered into contracts, including the Admission Agreement and the Abuse and Neglect contract. . . ." (DE 11-3, First Amended Complaint, Count XVI.)

Further, the Estate makes this allegation in a pleading, not under oath and the Center does not allege that the allegation was in any way accepted by the state court.

Accordingly, the Estate is not estopped from asserting that the non-party plaintiffs are not parties to the arbitration agreement. Because the non-party plaintiffs are not parties to the arbitration agreement, the claims asserted against them by the Estate in the state-court action are not arbitrable and the Court will not order that those claims be submitted to arbitration.

### F. Injunction and dismissal

The FAA requires a federal court to stay its own proceedings when arbitration is required, but it does not specifically authorize federal courts to stay pending state court proceedings. *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 893 (6th Cir.2002) (citing 9 U.S.C. § 3). Rather, the federal court's authority to enjoin state court proceedings is derived from the Anti-Injunction Act, 28 U.S.C. § 2283.

That act prohibits a federal court from granting an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *Great Earth*, the Sixth Circuit determined that a district court's injunction of state-court proceedings after

compelling arbitration falls within the exception of the Anti-Injunction Act for injunctions necessary to protect or effectuate the district court's judgments. *Great Earth*, 288 F.3d at 894.

There is no dispute that all of the claims asserted by the Estate in the state court action fall within the scope of the arbitration agreement. Accordingly, all of the Estate's claims against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center, with the exception of its wrongful death claim, must be arbitrated. The Court will issue a final judgment to that effect. In order to protect and effectuate that judgment, the Court will enjoin the Estate from pursuing the arbitrable claims in the state court action.

Under the FAA, when a suit is brought in this court on any issue that is referable to arbitration, this Court must stay the action upon making that determination. 9 U.S.C. § 3. This section is not applicable here. No issue raised in this federal action is referable to arbitration. This action asks only that the Court make a determination that the claims pending in state court are referable to arbitration. With this opinion and accompanying judgment, the Court has resolved all of the issues presented in this action. Accordingly, dismissal of this action is appropriate. *See Whitehead v. Comcast Corp.*, No. 215CV02548STADKV, 2016 WL 347345, at *1 (W.D. Tenn. Jan. 28, 2016)

### III. Conclusion

For all these reasons, the Court finds that the arbitration agreement is enforceable as to all claims asserted by the Estate against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center in the state-court action except for the wrongful death claim. The remaining three plaintiffs in this action are not parties to the arbitration agreement. Accordingly, the Estate's claims against them in the state-court action are not subject to the arbitration agreement. Finally, the Estate's wrongful death claim is not subject to the arbitration agreement.

The Court will order the Estate to submit all the claims that it filed in state court against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center to arbitration according to the terms of the arbitration agreement with the exception of the wrongful death claim. Further, the Court will enjoin the Estate from proceeding with all of its claims against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center in state court, except for the wrongful death claim.

Accordingly, the Court hereby ORDERS as follows:

1) the motion to dismiss (DE 8) is GRANTED in part and DENIED in part as follows:

   a) the Center's claim that the wrongful death action filed by the Estate in state court must be arbitrated is DISMISSED;

   b) the Center's claim that the actions filed by the Estate in state court against Preferred Care, Inc.; Kentucky Partners Management, LLC; and Preferred Care Partners Management Group, LP must be arbitrated is DISMISSED; and

   c) the motion to dismiss (DE 8) is otherwise DENIED;

2) the motion to compel (DE 2) is GRANTED in part and DENIED in part as follows:

   a) the motion is GRANTED as to all claims asserted by the Estate against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center EXCEPT for the wrongful death claim; and

   b) the motion is DENIED as to all other claims asserted by the Estate in the state-court action; and

3) the Estate MUST submit to arbitration the claims it filed in Powell Circuit Court against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center EXCEPT for the wrongful death claim;

4) the Estate is ENJOINED from proceeding with the action it filed in Powell Circuit Court against Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center EXCEPT for the wrongful death claim; and

5) the motion for preliminary injunction (DE 14) is DENIED as moot.

Dated January 31, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY