UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| PREFERRED CARE, INC., et al.<br><br>    Plaintiff,<br><br>V.<br><br>JESSE ROBERTS, as administrator of Kenneth Roberts' estate,<br><br>    Defendant. | CIVIL ACTION NO. 5:16-203-KKC<br><br>**OPINION AND ORDER** |

This matter is before the Court on the plaintiffs' motion to reconsider (DE 19) this Court's ruling that certain claims against non-parties to an arbitration agreement do not have to be arbitrated. For the following reasons, the motion will be denied.

I. **Background**

Kenneth Roberts died while a resident of the Stanton Nursing and Rehabilitation Center located in Stanton, Kentucky. The administrator of his estate, Jesse Roberts (the "Estate"), filed suit in Powell Circuit Court against the nursing center and several other companies that the Estate alleged owned or operated the center. The Estate also named the center administrator and two nurses and a doctor employed there. (DE 1-2, State Court Action.)

The center and three of the companies named as defendants in the state-court action (collectively, the "Center") then filed a claim in this Court asking for an order compelling the Estate to arbitrate the claims filed in the state court action and also for an order enjoining the Estate from pursing the state-court action. There is no dispute that the only plaintiff who was a party to the arbitration agreement was Stanton Health Facilities, LP d/b/a Stanton Nursing and Rehabilitation Center.

In its motion to dismiss, the Estate argued that the nonsignatory plaintiffs could not compel arbitration of the claims against them. In its response to that motion, the Center appeared to make two arguments: the nonsignatories are third-party beneficiaries of the arbitration agreement and the Estate should be judicially estopped from asserting that its claims against the nonsignatories are not subject to the arbitration agreement. The Court found that neither theory was applicable here. The Center had pointed to no evidence that the parties to the arbitration agreement intended for the nonsignatories to receive the benefits of the arbitration agreement. As to judicial estoppel, the Court noted that the Estate had not alleged under oath in the state-court action that the nonsignatories were parties to the arbitration agreement. Further, the Center had not alleged that any such allegation was accepted by the state court.

The Center now moves the Court to reconsider that ruling.

## II. Analysis

"Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

In its motion to compel arbitration, the Center did not specifically mention the claims against the nonsignatories to the arbitration agreement. It argued that the Court should compel the Estate to arbitrate all of its claims but it did not explain why the claims against the nonsignatories were also governed by the arbitration agreement.

In its response to the Estate's argument that the claims against the nonsignatories were not subject to the arbitration agreement, the Center did specifically address the claims against

2

the nonsignatories to the arbitration agreement. The Court will again carefully parse through the arguments that the Center made in its response. (DE 11, Response at 38-41.)

The Center first very clearly argued that the nonsignatories could enforce the arbitration agreement because they were "third-party beneficiaries of the ADR Agreement at issue." (DE 11, Response at 39.)

In support of that proposition, the Center cited *Olshan Found. Repair & Waterproofing v. Otto*, 276 S.W.3d 827 (Ky. App. 2009). In that case, the Kentucky Court of Appeals determined that the nonsignatory plaintiff homeowners were "third party direct beneficiaries" of certain warranty agreements containing an arbitration clause. *Id.* at 831. This is because the homeowners had produced evidence that "the signatories intended to benefit future third party owners of the residence." *Id.* at 831.

In its ruling on the motion to compel arbitration, this Court explained that, in order for the Court to find the nonsignatories in this case were third-party beneficiaries of the arbitration agreement, the Center must produce evidence that the two parties to the arbitration agreement intended that the nonsignatories would benefit from it. The Center had pointed to no such evidence and, thus, the Court could not find that the nonsignatories were third-party beneficiaries of the agreement. The Center does not now object to that ruling.

The passage from *Otto* that the Center cited in its response brief states, "Nonsignatories to a contract containing an arbitration agreement may be bound to the agreement, but only if the nonsignatory receives a direct benefit from the contract." *Id.* at 831 (citing *Javitch v. First Union Securities, Inc.*, 315 F.3d 619 (6th Cir. 2003)). The Center argued that the nonsignatories to the arbitration agreement received "the direct benefit of a speedier, more efficient and cost-effective process of arbitration, which is directly referenced in the ADR Agreement." (DE 11, Response at 39.) Whether the Center made this argument to support a third-party beneficiary argument or

an estoppel argument, it was a misreading of *Otto*. Nonsignatories to an arbitration agreement are not entitled to enforce it simply because they benefit from it.

Next in its response brief, the Center noted that the Estate asserted a breach of contract claim against the nonsignatoriees. (DE 11, Response at 39-40.) It then very clearly argued that "[t]he doctrine of judicial estoppel should be applied to prohibit a party from taking inconsistent positions in judicial proceedings." (DE 11, Response at 40.) The Center then cited two Kentucky cases dealing with judicial estoppel. *See Hisle v. Lexington-Fayette Urban Cty. Gov't*, 258 S.W.3d 422, 434 (Ky. Ct. App. 2008) ("The doctrine of judicial estoppel, which is a subset of the quasi-estoppel principle, also can be applied to prohibit a party from taking inconsistent positions in judicial proceedings."); *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759, 763 (Ky. Ct. App. 2001) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.") The Center argued that, because the Estate asserted a breach of contract claim against the nonsignatories, it "should be judicially estopped from now attempting to change that position to try to defeat the enforcement of this arbitration agreement." (DE 11, Response at 40.)

The Court determined that the doctrine of judicial estoppel did not apply to the Estate's claims against the nonsignatories. The Center does not dispute that ruling in its Rule 59(e) motion.

Finally, the Center argued in response brief that the claims against the nonsignatories fit within the scope of the arbitration agreement. (DE 11, Response at 40.) The Court having found no basis for concluding that the nonsignatories could enforce the arbitration agreement, did not address whether the specific claims asserted by the Estate against the nonsignatories fit within the scope of the arbitration agreement.

The Court finds no reason to alter its ruling based on the arguments that the Center presented to it before judgment was entered. In its motion to reconsider, the Center cites three cases: *Javitch v. First Union Securities, Inc.*, 315 F.3d 619 (6th Cir. 2003); *Arnold v. Arnold Corp.*, 920 F.2d 1269 (6th Cir. 1990); and *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773 (2d Cir. 1995). The Center argues that these three cases expose a "clear error of law" in the Court's ruling.

In its response brief, however, the Center did not discuss any of these cases. It cited *Otto*, which, in turn, cites *Javitch* which, in turn, cites *Arnold* and *Thomson-CSF*. To the extent that any of these cases are the very basis for the Center's argument that the Estate's claims against the nonsignatories must be arbitrated, the Center should have made that argument in the pleadings it filed before the Court entered judgment. The Court is unable to consider on a Rule 59(e) motion, any "new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Accordingly, the Court hereby ORDERS that the Center's motion to alter, amend or vacate (DE 19) this Court's denial of the Center's motion to compel the Estate to arbitrate its claims against the nonsignatories to the arbitration agreement is DENIED.

Dated May 19, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY